**Sean PRESSLEY, Appellant**

v.

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS; Warden J. Beard; J. Whitesal; J. Kerestes; K. Chmielewski; R. Collins; B. Tritt; T. Derfler; P. Ramer; G. Clements; M. Vuksta; J. McKnight; J. Muick; B. Keller; J. Unell; D. Wakefield.**

**No. 09–3324.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Jan. 28, 2010.

Opinion filed: Feb. 16, 2010.

**330**

Sean Pressley, Frackville, PA, pro se.

Raymond W. Dorian, Esq., Pennsylvania Department of Corrections, Office of Chief Counsel, Camp Hill, PA, for Defendant–Appellee.

Before: FUENTES, JORDAN and HARDIMAN, Circuit Judges.

OPINION

PER CURIAM.

Sean Pressley appeals the District Court's order denying his motion for a preliminary injunction. For the reasons below, we will affirm.

Pressley was transferred to SCI–Mahanoy in February 2007. At the time of his transfer, he was in disciplinary confinement. After completing his disciplinary sentence in October 2007, he was placed in Administrative Custody (AC). In November 2008, Pressley filed a complaint and a motion for a preliminary injunction. In his complaint, Pressley alleged that he was denied procedural due process by (1) his placement on the Restricted Release List; (2) his placement in AC; and (3) appellees' denials of meaningful periodic reviews of his AC status. He contended that appellees violated his rights to equal protection by denying him access to rehabilitative and educational programming. In his motion for a preliminary injunction, Pressley requested that appellees be directed to (1) refrain from transferring him to the Special Management Unit (SMU); (2) make programs available that he needs for parole eligibility; (3) provide him with GED programming; and (4) provide him with the privileges provided to similarly-situated inmates. The District Court denied the motion for a preliminary injunction, and Pressley filed a notice of appeal.

We have jurisdiction over the appeal of the order denying Pressley's request for injunctive relief. 28 U.S.C. § 1292(a)(1). We review the denial of a motion for a preliminary injunction to determine whether the District Court abused its discretion, committed an obvious error in applying the law, or made a serious mistake in considering the proof. *In re Assets of Myles Martin*, 1 F.3d 1351, 1357 (3d Cir.1993). In deciding whether to issue a preliminary injunction, the District Court must consider "(1) whether the movant has a reasonable probability of success on the merits; (2) whether irreparable harm would result if the relief sought is not granted; (3) whether the relief would result in greater harm to the non-moving party, and (4) whether the relief is in the public interest." *Swartzwelder v. McNeilly*, 297 F.3d 228, 234 (3d Cir.2002).

In order to demonstrate a violation of the right to procedural due process, a litigant must show (1) that the state deprived him of a protected interest in life, liberty,

or property; and (2) that the deprivation occurred without due process of law. *Burns v. PA Dept. of Correction*, 544 F.3d 279 (3d Cir.2008). In *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), the Supreme Court held that in a prison setting, protected liberty interests are generally limited to freedom from restraint that "impose[ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." We have held that exposure to the conditions of administrative custody, even for periods as long as 15 months, "falls within the expected parameters of the sentence imposed [on a prisoner] by a court of law." *Griffin v. Vaughn*, 112 F.3d 703, 707 (3d Cir.1997).

■ Pressley requested that the District Court enjoin appellees from placing him in the SMU. He alleged that the Periodic Review Committee (PRC) decided in September 2008 to release him to general population but that Superintendent Johnson denied the request and requested that Pressley be returned to the SMU.[1] Pressley has not shown that the conditions in the SMU are so different from those in AC that he has a liberty interest in avoiding transfer to the SMU.[2] Moreover, it is spec-

ulative for Pressley to argue that any future transfer to SMU will violate his rights to due process. He has not demonstrated that he will be transferred without being provided with the appropriate procedural protections.[3]

■ In his request for a preliminary injunction, Pressley also sought access to educational and parole programs.[4] He requested unspecified privileges consistent with his status. The District Court denied relief on this claim on the ground that Pressley had no right to the programming or privileges. Pressley, however, admitted that he has no *per se* right to programming, education, and privileges. He argued that he is entitled to them as a matter of equal protection because the prison officials make these privileges available to other inmates. Because he did not argue that he is being treated unfairly based on any membership in a protected class, we will construe his claim as alleging an equal protection violation against a "class of one." To succeed on a claim based on a "class of one" theory, Pressley must show that he was intentionally treated differently from others similarly situated and there was no rational basis for the

1. Pressley argued that he has received one misconduct in the last 18 months and any return to the SMU would be arbitrary and capricious. However, we have held that "due process is not violated by placing an inmate in administrative custody based on past conduct that furnishes a basis for predicting that the inmate will engage in future acts of violence if corrective measures are not taken." *Fraise v. Terhune*, 283 F.3d 506, 523 (3d Cir. 2002) *citing Shoats v. Horn*, 213 F.3d 140, 146–47 (3d Cir.2000). Pressley has an extensive disciplinary history.

2. We note that in his supplemental declaration in support of his motion for a preliminary injunction, Pressley asserted that inmates in the SMU are permitted to have televisions, education, programming, and all the entitlements that he is seeking. Thus, it

is not clear why Pressley seeks to avoid being transferred to the SMU.

3. To the extent that Pressley seeks to challenge his continued confinement in AC, the District Court did not abuse its discretion in determining that Pressley's stay in the AC did not rise to the level of an atypical and significant hardship.

4. Pressley argues that he is eligible for parole in August 2010 and his placement in AC or SMU would disqualify him for parole. Pressley also requested that prison officials be directed to make programming available that he needs for parole eligibility. Pressley has not identified any specific programming he needs or provided any documentation demonstrating that such programs are required before he will be considered for parole.

treatment. *See Phillips v. County of Allegheny*, 515 F.3d 224, 243 (3d Cir.2008). Pressley has a serious history of institutional misconducts and has served several lengthy sentences in disciplinary confinement. Pressley has not shown a reasonable probability of success in demonstrating that a similarly-situated inmate with an equally serious disciplinary background has been treated differently and that there is no rational reason for the treatment.

Summary action is appropriate if there is no substantial question presented in the appeal. *See* Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. *See* Third Circuit I.O.P. 10.6. Pressley's motion for the appointment of counsel is denied.